William C. Baton
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540
(973) 286-6700
wbaton@saul.com

*Attorneys for Plaintiffs*
*Janssen Products, L.P.*
*and Pharma Mar, S.A.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANSSEN PRODUCTS, L.P. and PHARMA MAR, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>SOMERSET THERAPEUTICS, LLC, SOMERSET PHARMA LLC, ODIN PHARMACEUTICALS LLC, and CHONGQING SINTAHO PHARMACEUTICAL CO., LTD.,<br><br>Defendants. | Civil Action No.<br><br>(Filed Electronically) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Janssen Products, L.P. ("Janssen") and Pharma Mar, S.A. ("Pharma Mar") (collectively, "Plaintiffs"), for their Complaint against Defendants Somerset Therapeutics, LLC ("Somerset"), Somerset Pharma LLC ("Somerset Pharma"), Odin Pharmaceuticals LLC ("Odin"), and Chongqing Sintaho Pharmaceutical Co., Ltd. ("Sintaho") (collectively "Defendants") allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action for infringement by Defendants of U.S. Patent No. 8,895,557 (the "'557 Patent" or "Patent-in-Suit") (attached as Exhibit A) arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*., and for a declaratory judgment of infringement of the '557 Patent under 35 U.S.C. §§ 1 *et seq*., 28 U.S.C. §§ 2201 and 2202.

2. This action arises out of Defendants' submission of Abbreviated New Drug Application No. 221774 (the "Defendants' ANDA" or "ANDA No. 221774"), supported by Drug Master File ("DMF") No. 044134, to the United States Food and Drug Administration ("FDA") seeking approval to sell a generic copy of Plaintiffs' highly successful Yondelis® (trabectedin) 1 mg/vial (the "Proposed ANDA Product") prior to the expiration of the '557 Patent.

3. Yondelis® was the first drug in decades to show consistent and meaningful clinical benefit as a second-line treatment option for patients with unresectable and metastatic liposarcomas or leiomyosarcomas (both rare, soft-tissue targeting cancers) after the failure of conventional therapy. The '557 Patent includes claims to the novel formulation for Yondelis®, which is formulated to help reduce the formation of impurities during lyophilization of trabectedin and during storage. Plaintiffs' use of the '557 Patent formulation helps ensure that commercial quantities of Yondelis® with sufficient storage stability are available to meet the needs of the vulnerable population of cancer patients for which it is indicated.

**THE PARTIES**

4. Plaintiff Janssen Products, L.P., is a partnership organized under the laws of the State of New Jersey, having its headquarters and principal place of business at 800/850 Ridgeview Drive, Horsham, PA 19044.

5. Plaintiff Pharma Mar, S.A. is a Spanish corporation having a principal place of business at Avda. de los Reyes, 1 Pol. Ind. La Mina, 28770, Colmenar Viejo, Madrid, Spain.

6. On information and belief, Defendant Somerset is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. On information and belief, Somerset is in the business of, among other things, marketing and selling generic copies of branded pharmaceutical products for the U.S. market. Somerset is the holder of Defendants' ANDA.

7. On information and belief, Defendant Somerset Pharma is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. On information and belief, Somerset Pharma is in the business of, among other things, marketing and selling generic copies of branded pharmaceutical products for the U.S. market. On information and belief, Somerset Pharma is an affiliate and/or subsidiary of Somerset and has responsibilities relating to the manufacture and supply of generic medications, including the Proposed ANDA Product. On information and belief, Somerset Pharma will financially benefit if the FDA approves Defendants' ANDA and from the sale of the Proposed ANDA Product because Somerset Pharma is actively involved in the use, marketing, and/or sale of the Proposed ANDA Product in the U.S.

8. On information and belief, Defendant Odin is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. On information and belief, Odin is in the business of researching and developing generic copies of branded pharmaceutical products for the U.S. market. On information and belief, Odin is an affiliate and/or subsidiary of Somerset and has responsibilities relating to the research and development of generic medications, including the Proposed ANDA Product. On information and belief, Odin is the assigned U.S. agent for Defendants' ANDA and is responsible for communicating with the FDA for matters regarding Defendants' ANDA. On information and belief, Odin provided support and assistance for the

preparation of Defendants' ANDA and continues to provide support by communicating on behalf of Defendants with the FDA to secure approval of Defendants' ANDA. On information and belief, Odin will financially benefit if the FDA approves Defendants' ANDA and from the sale of the Proposed ANDA Product because Odin is actively involved in the use, marketing, and/or sale of the Proposed ANDA Product in the U.S.

9. On information and belief, Defendant Sintaho is a limited liability company organized and existing under the laws of China, with a principal place of business at No. 600, Liuqing Rd., Maliuzui Town, Banan District, Chongqing, China 401319. On information and belief, Sintaho is in the business of, among other things, manufacturing generic copies of branded pharmaceutical products for the U.S. market and/or manufacturing active pharmaceutical ingredients ("APIs") and intermediates used to make APIs for generic copies of branded pharmaceutical products for the U.S. market. On information and belief, Sintaho has aided the preparation of Defendants' ANDA. On information and belief, Sintaho will continue to work collaboratively, either directly or through affiliates, subsidiaries or alter egos, with the other named Defendants to seek FDA approval of Defendants' ANDA. Sintaho is the holder of DMF No. 044134 ("the Sintaho DMF") for the manufacture of trabectedin, the API in the Proposed ANDA Product. On information and belief, acts of Somerset, Somerset Pharma, and Odin complained of herein were done with the cooperation, participation, and assistance of Sintaho. On information and belief, Sintaho will financially benefit if Defendants' ANDA receives FDA approval. On information and belief, Sintaho will manufacture the active pharmaceutical ingredient to be used in the Proposed ANDA Product.

10. On information and belief, each of Somerset, Somerset Pharma, Odin, and Sintaho collaborated in the research, development, preparation, and submission of Defendants' ANDA and

continue to actively collaborate in seeking approval from FDA for Defendants' ANDA and in marketing of the Proposed ANDA Product in the U.S., including in the State of New Jersey.

11. On information and belief, each of Somerset, Somerset Pharma, Odin, and Sintaho intend to act collaboratively with respect to the development, regulatory approval, commercial manufacture, marketing, sale, offer for sale, and/or distribution of the Proposed ANDA Product for the U.S. market, including in the State of New Jersey.

12. On information and belief, each of Somerset, Somerset Pharma, Odin, and Sintaho rely on material assistance from one another to market, distribute, offer for sale, and/or sell the Proposed ANDA Product in the U.S. market, including in the State of New Jersey. On information and belief, Defendants intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell the Proposed ANDA Product, in the event FDA approves Defendants' ANDA. On information and belief, each of the Defendants will financially benefit in the event the FDA approves Defendants' ANDA and from the use, marketing, and/or sale of the Proposed ANDA Product in the U.S., including in the State of New Jersey.

## **JURISDICTION AND VENUE**

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

*Personal Jurisdiction*

14. This Court has personal jurisdiction over Somerset because, *inter alia* and on information and belief, Somerset has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being hauled into court here.

15. On information and belief, Somerset has a principal place of business in Somerset, New Jersey.

16. On information and belief, Somerset has persistent and continuous contacts with New Jersey, including developing, marketing, and selling pharmaceutical products in New Jersey.

17. On information and belief and as stated in Somerset's letter dated September 17, 2026 ("the Paragraph IV Notice Letter"), Somerset intends to engage in the commercial manufacture, use, or sale of the Proposed ANDA Product before the expiration of the Patent-in-Suit throughout the United States, including in New Jersey. The conduct of Somerset will therefore cause injury to Plaintiffs in New Jersey.

18. On information and belief, Somerset, directly and/or through its parent or related entities markets, distributes and sells generic pharmaceutical products throughout the United States, including in New Jersey.

19. Somerset has availed itself of the protections and benefits of the jurisdiction of the courts of New Jersey, including as counterclaim plaintiff in patent infringement actions under the Hatch-Waxman Act. *See Ultragenyx Pharmaceutical Inc., et al. v. Somerset Therapeutics, LLC, et al.*, No. 2:26-cv-03509, D.I. 9 (D.N.J. April 16, 2026); *Esperion Therapeutics, Inc. v. Renata Limited, et al.*, No. 2:26-cv-02326, D.I. 23 (D.N.J. May 14, 2026); *Xeris Pharmaceuticals, Inc., et al. v. Somerset Therapeutics, LLC, et al.*, No. 2:26-cv-02044, D.I. 19 (D.N.J. Mar. 27, 2026); *Esperion Therapeutics, Inc. v. Micro Labs USA, Inc., et al.*, No. 2:24-cv-05921, D.I. 178 (D.N.J. Oct. 14, 2025); *Supernus Pharmaceuticals, Inc. v. Appco Pharma LLC, et al.*, No. 2:25-cv-12183, D.I. 10 (D.N.J. Sep. 22, 2025); *American Reagent, Inc. f/k/a Luitpold Pharmaceuticals, Inc. v. Somerset Therapeutics, LLC, et al.*, No. 2:24-cv-7791, D.I. 73 (D.N.J. Jan. 9, 2025); *Rayner Surgical Inc., et al. v. Somerset Therapeutics, LLC*, No. 3:24-cv-0917, D.I. 25 (D.N.J. Nov. 18, 2024); *Nexus Pharmaceuticals, Inc. v. Somerset Pharma LLC, et al.*, No. 3:23-cv-01248, D.I. 8 (D.N.J. May 12, 2023).

20. Somerset has not contested personal jurisdiction in New Jersey in other actions. *See Ultragenyx Pharmaceutical Inc., et al. v. Somerset Therapeutics, LLC, et al.*, No. 2:26-cv-03509, D.I. 9 (D.N.J. April 16, 2026); *Esperion Therapeutics, Inc. v. Renata Limited, et al.*, No. 2:26-cv-02326, D.I. 23 (D.N.J. May 14, 2026); *Xeris Pharmaceuticals, Inc., et al. v. Somerset Therapeutics, LLC, et al.*, No. 2:26-cv-02044, D.I. 19 (D.N.J. Mar. 27, 2026); *Esperion Therapeutics, Inc. v. Micro Labs USA, Inc., et al.*, No. 2:24-cv-05921, D.I. 178 (D.N.J. Oct. 14, 2025); *Supernus Pharmaceuticals, Inc. v. Appco Pharma LLC, et al.*, No. 2:25-cv-12183, D.I. 10 (D.N.J. Sep. 22, 2025); *American Reagent, Inc. f/k/a Luitpold Pharmaceuticals, Inc. v. Somerset Therapeutics, LLC, et al*., No. 2:24-cv-7791, D.I. 73 (D.N.J. Jan. 9, 2025); *Rayner Surgical Inc., et al. v. Somerset Therapeutics, LLC*, No. 3:24-cv-0917, D.I. 25 (D.N.J. Nov. 18, 2024); *Nexus Pharmaceuticals, Inc. v. Somerset Pharma LLC, et al.*, No. 3:23-cv-01248, D.I. 8 (D.N.J. May 12, 2023).

21. This Court has personal jurisdiction over Somerset Pharma because, *inter alia* and on information and belief, Somerset Pharma has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being hauled into court here.

22. On information and belief, Somerset Pharma has a principal place of business in Somerset, New Jersey.

23. On information and belief, Somerset Pharma has persistent and continuous contacts with New Jersey, including developing, marketing, and selling pharmaceutical products in New Jersey.

24. On information and belief, Somerset Pharma, directly and/or through its parent or related entities markets, distributes and sells generic pharmaceutical products throughout the United States, including in New Jersey.

25. Somerset Pharma has availed itself of the protections and benefits of the jurisdiction of the courts of New Jersey, including as counterclaim plaintiff in patent infringement actions under the Hatch-Waxman Act. *See Ultragenyx Pharmaceutical Inc., et al. v. Somerset Therapeutics, LLC, et al.*, No. 2:26-cv-03509, D.I. 9 (D.N.J. April 16, 2026); *Esperion Therapeutics, Inc. v. Renata Limited, et al.*, No. 2:26-cv-02326, D.I. 23 (D.N.J. May 14, 2026); *Xeris Pharmaceuticals, Inc., et al. v. Somerset Therapeutics, LLC, et al.*, No. 2:26-cv-02044, D.I. 19 (D.N.J. Mar. 27, 2026); *Esperion Therapeutics, Inc. v. Micro Labs USA, Inc., et al.*, No. 2:24-cv-05921, D.I. 178 (D.N.J. Oct. 14, 2025); *American Reagent, Inc. f/k/a Luitpold Pharmaceuticals, Inc. v. Somerset Therapeutics, LLC, et al.*, No. 2:24-cv-7791, D.I. 73 (D.N.J. Jan. 9, 2025); *Nexus Pharmaceuticals, Inc. v. Somerset Pharma LLC, et al.*, No. 3:23-cv-01248, D.I. 8 (D.N.J. May 12, 2023).

26. Somerset Pharma has not contested personal jurisdiction in New Jersey in other actions. *See Ultragenyx Pharmaceutical Inc., et al. v. Somerset Therapeutics, LLC, et al.*, No. 2:26-cv-03509, D.I. 9 (D.N.J. April 16, 2026); *Esperion Therapeutics, Inc. v. Renata Limited, et al.*, No. 2:26-cv-02326, D.I. 23 (D.N.J. May 14, 2026); *Xeris Pharmaceuticals, Inc., et al. v. Somerset Therapeutics, LLC, et al.*, No. 2:26-cv-02044, D.I. 19 (D.N.J. Mar. 27, 2026); *Esperion Therapeutics, Inc. v. Micro Labs USA, Inc., et al.*, No. 2:24-cv-05921, D.I. 178 (D.N.J. Oct. 14, 2025); *American Reagent, Inc. f/k/a Luitpold Pharmaceuticals, Inc. v. Somerset Therapeutics, LLC, et al.*, No. 2:24-cv-7791, D.I. 73 (D.N.J. Jan. 9, 2025); *Nexus Pharmaceuticals, Inc. v. Somerset Pharma LLC, et al.*, No. 3:23-cv-01248, D.I. 8 (D.N.J. May 12, 2023).

27. This Court has personal jurisdiction over Odin because, *inter alia* and on information and belief, Odin has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being hauled into court here.

28. On information and belief, Odin has a principal place of business in Somerset, New Jersey.

29. On information and belief, Odin has persistent and continuous contacts with New Jersey, including developing, marketing, and selling pharmaceutical products in New Jersey.

30. On information and belief, Odin, directly and/or through its parent or related entities markets, distributes and sells generic pharmaceutical products throughout the United States, including in New Jersey.

31. Odin has availed itself of the protections and benefits of the jurisdiction of the courts of New Jersey, including as counterclaim plaintiff in patent infringement actions under the Hatch-Waxman Act. *See Ultragenyx Pharmaceutical Inc., et al. v. Somerset Therapeutics, LLC, et al.*, No. 2:26-cv-03509, D.I. 9 (D.N.J. April 16, 2026); *Xeris Pharmaceuticals, Inc., et al. v. Somerset Therapeutics, LLC, et al.*, No. 2:26-cv-02044, D.I. 19 (D.N.J. Mar. 27, 2026); *American Reagent, Inc. f/k/a Luitpold Pharmaceuticals, Inc. v. Somerset Therapeutics, LLC, et al.*, No. 2:24-cv-7791, D.I. 73 (D.N.J. Jan. 9, 2025).

32. Odin has not contested personal jurisdiction in New Jersey in other actions. *See Ultragenyx Pharmaceutical Inc., et al. v. Somerset Therapeutics, LLC, et al.*, No. 2:26-cv-03509, D.I. 9 (D.N.J. April 16, 2026); *Xeris Pharmaceuticals, Inc. et al. v. Somerset Therapeutics, LLC, et al.*, No. 2:26-cv-02044, D.I. 19 (D.N.J. Mar. 27, 2026); *American Reagent, Inc. f/k/a Luitpold Pharmaceuticals, Inc. v. Somerset Therapeutics, LLC, et al.*, No. 2:24-cv-7791, D.I. 73 (D.N.J. Jan. 9, 2025).

33. On information and belief, this Court has personal jurisdiction over Sintaho because, *inter alia*, it: (1) manufactures the active pharmaceutical ingredient in the Proposed ANDA Product which is intended for sale, market, or distribution to residents of New Jersey; (2) has continuous and systemic contacts with the State of New Jersey and regularly conducts business in the State of New Jersey, either directly or through one or more of its affiliates, agents, and/or alter egos; (3) makes its generic pharmaceutical products available in New Jersey; (4) maintains a broad distributorship network within New Jersey; and/or (5) enjoys substantial income from sales of its generic pharmaceutical products in New Jersey.

34. Alternatively, this Court may exercise personal jurisdiction over Sintaho pursuant to Federal Rule of Civil Procedure 4(k)(2) because: (a) Plaintiffs' claims arise under federal law, (b) Sintaho is a foreign defendant not subject to general personal jurisdiction in the courts of any state, and (c) Sintaho has sufficient contacts with the U.S., including, but not limited to, the submission of Defendants' ANDA in concert with Somerset, Somerset Pharma, and Odin, such that this Court's exercise of jurisdiction over Sintaho satisfies due process.

35. Litigating in New Jersey would not burden Sintaho unduly. On information and belief, Sintaho will manufacture the API for the Proposed ANDA Product for the U.S. market, makes its generic pharmaceutical products available in New Jersey, maintains a broad distributorship network within New Jersey, and/or enjoys substantial income from sales of its generic pharmaceutical products in New Jersey. The U.S. has a substantial interest in adjudicating the dispute and enforcing its patent laws. Plaintiffs have a substantial interest in obtaining convenient and effective relief for violations of their property interests. Moreover, the states have a shared interest in furthering the fundamental substantive policy of the U.S. with respect to its intellectual property laws.

*Venue*

36. Venue is proper in this Court for Somerset under 28 U.S.C. § 1400(b) because, *inter alia*, Somerset has committed and will commit acts of infringement in New Jersey and has a regular and established place of business at its headquarters in Somerset, New Jersey, located within this Judicial District.

37. Venue is proper in this Court for Somerset Pharma under 28 U.S.C. § 1400(b) because, *inter alia*, Somerset Pharma has committed and will commit acts of infringement in New Jersey and has a regular and established place of business at its headquarters in Somerset, New Jersey, located within this Judicial District.

38. Venue is proper in this Court for Odin under 28 U.S.C. § 1400(b) because, *inter alia*, Odin has committed and will commit acts of infringement in New Jersey and has a regular and established place of business at its headquarters in Somerset, New Jersey, located within this Judicial District.

39. Venue is proper in this Court for Sintaho under 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Sintaho is a company organized and existing under the laws of China and may be sued in any Judicial District. 28 U.S.C. § 1391(c)(3).

**THE ASSERTED PATENT**

40. On November 25, 2014, the U.S. Patent and Trademark Office ("PTO") issued the '557 Patent, entitled "Pharmaceutical Formulations of Ecteinascidin Compounds." A true and correct copy of the '557 Patent is attached hereto as Exhibit A.

41. Pharma Mar holds title to the '557 Patent.

42. Janssen holds an exclusive license to the '557 Patent.

43. The '557 Patent expires on January 7, 2028.

44. The FDA has awarded 6 months of pediatric exclusivity for Yondelis® (trabectedin). The period of pediatric exclusivity applicable to the ’557 Patent does not expire until July 7, 2028.

45. Janssen is the holder of approved New Drug Application (“NDA”) No. 207953 for Yondelis®.

46. Janssen sells Yondelis® in the U.S.

47. Yondelis® is included in the FDA’s list of “Approved Drug Products With Therapeutic Equivalence Evaluations,” also known as the “Orange Book.” The FDA’s “Orange Book” also lists patents associated with approved drugs. The ’557 Patent is listed in the “Orange Book” in association with Yondelis®. The claims of the ’557 Patent cover Yondelis®.

## PRE-SUIT COMMUNICATIONS

48. Plaintiffs received a Paragraph IV Notice Letter dated September 17, 2026, on or around September 18, 2026.

49. The Paragraph IV Notice Letter explained that Defendants submitted ANDA No. 221774 to the FDA under 21 U.S.C. § 355(j)(1) and 21 U.S.C. § 355(j)(2)(A), seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of the Proposed ANDA Product prior to the expiration of the ’557 Patent.

50. After receiving the Paragraph IV Notice Letter, Plaintiffs contacted Somerset, provided a draft Offer of Confidential Access (“OCA”), and asked for the documents supporting Defendants’ ANDA submission so that Plaintiffs could evaluate infringement of the ’557 Patent. Plaintiffs requested Defendants’ ANDA, supporting DMF(s), executed batch records, representative samples of the Proposed ANDA Product and API, and all agreements relating to the marketing of the Proposed ANDA Product.

51. Beginning with correspondence on September 25, 2026, outside counsel for Plaintiffs negotiated in good faith with counsel for Somerset in an attempt to reach agreement on reasonable terms of confidential access to Defendants' ANDA, associated DMFs, batch records for the drug product and API, representative samples of finished product and API for exhibit batches provided to FDA, and all agreements relating to the marketing of the Proposed ANDA Product.

52. On October 7, 2026, Defendants provided Plaintiffs with only selected portions of Defendants' ANDA, and only permitted review by outside counsel. Defendants refused to provide the other information sought by Plaintiffs.

53. On October 7, 2026, Defendants also provided Plaintiffs with a proposed revised OCA that purported to allow select in-house counsel for Plaintiffs to review Defendants' ANDA, under certain conditions. Those conditions were not tenable, and the parties were unable to reach agreement on a reasonable OCA.

**DEFENDANTS' INFRINGEMENT OF THE '557 PATENT**

54. In the Paragraph IV Notice Letter, Somerset does not dispute that the commercial manufacture, use, importation, offer for sale, and sale of the Proposed ANDA Product, if approved by FDA, would infringe claims 1, 3-8, 11, 14-20 and 22-26 of the '557 Patent.

55. On information and belief, Defendants had actual and constructive notice of the '557 Patent prior to the filing of Defendants' ANDA.

56. On information and belief, Defendants copied the inventions of the '557 Patent although there is no regulatory requirement to copy a formulation or process of manufacture in order to obtain approval for Defendants' ANDA from FDA.

57. On information and belief, Defendants have made and continue to make substantial preparations in the United States to manufacture, offer to sell, sell, and/or import the Proposed ANDA Product prior to the expiration of the '557 Patent.

58. On information and belief, Defendants' actions include, but are not limited to, the development of the Proposed ANDA Product and the filing of Defendants' ANDA with a Paragraph IV certification.

59. On information and belief, Defendants continue to seek FDA approval of Defendants' ANDA and intend to collaborate in the commercial manufacture, marketing, and sale of the Proposed ANDA Product (including the commercial marketing and sale of such product in the State of New Jersey) in the event that the FDA approves Defendants' ANDA.

60. On information and belief, the Proposed ANDA Product is made using processes claimed in the '557 Patent, and the Proposed ANDA Product is then imported into the United States without material change. On information and belief, the product resulting from Plaintiffs' patented processes is the Proposed ANDA Product, and therefore, essential to the Proposed ANDA Product.

61. Plaintiffs commenced this lawsuit within 45 days of the date they received Somerset's notice of ANDA No. 221774 containing a Paragraph IV certification.

**COUNT I**

**Infringement Of The '557 Patent Under 35 U.S.C. § 271(e)(2)(A)**

62. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-61 hereof, as if fully set forth herein.

63. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed the '557 Patent by submitting ANDA No. 221774 with a Paragraph IV certification and seeking FDA approval of

ANDA No. 221774 to market the Proposed ANDA Product prior to the expiration of the ’557 Patent.

64. On information and belief, Defendants’ commercial manufacture, importation, use, sale, and/or offer for sale of the Proposed ANDA Product prior to the expiration of the ’557 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the ’557 Patent.

65. The Paragraph IV Notice Letter does not dispute infringement of claims 1, 3-8, 11, 14-20 and 22-26 of the ’557 Patent.

66. Defendants had actual and constructive notice of the ’557 Patent prior to filing ANDA No. 221774 seeking approval for the Proposed ANDA Product.

67. Plaintiffs have no adequate remedy at law to redress the infringement by Defendants.

68. Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the ’557 Patent.

## COUNT II

### Declaratory Judgment Of Infringement Of The ’557 Patent Under 35 U.S.C. §§ 271(a), (b), (c) and/or (g)

69. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-68 hereof, as if fully set forth herein.

70. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding the ’557 Patent.

71. On information and belief, Defendants have made and will continue to make substantial and meaningful preparations to commercially manufacture, import into the U.S., and/or

to offer to sell, sell, and/or use within the U.S. the Proposed ANDA Product prior to the expiration of the ’557 Patent.

72. The Paragraph IV Notice Letter admits that Defendants will engage in the commercial manufacture, use, and/or sale of the Proposed ANDA Product if approved by the FDA.

73. Defendants’ actions, including, but not limited to, the filing of ANDA No. 221774 with a Paragraph IV certification and Defendants’ systematic attempts to meet the applicable regulatory requirements for approval of ANDA No. 221774 indicate a refusal to change their course of action.

74. Defendants’ commercial manufacture, importation, use, sale, and/or offer for sale of the Proposed ANDA Product prior to the expiration of the ’557 Patent would infringe, contribute to the infringement of, and/or induce the infringement of at least claims 1, 3-8, 11, 14-20 and 22-26 of the ’557 Patent under §§ 271(a), (b), (c), and/or (g).

75. Plaintiffs should be granted a judicial declaration that the commercial manufacture, importation, use, offer for sale, and/or sale in the U.S. of the Proposed ANDA Product will constitute infringement of the claims of the ’557 Patent under §§ 271(a), (b), (c) and/or (g).

76. Plaintiffs have no adequate remedy at law to redress infringement by Defendants.

77. Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the ’557 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

(a) a Judgment that Defendants have infringed the ’557 Patent under 35 U.S.C. § 271(e)(2)(A);

(b) a Judgment, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Defendants' ANDA No. 221774 under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) is not earlier than the day after the expiration of the '557 Patent, including any additional exclusivity period applicable to the patent;

(c) a Judgment declaring that the making, using, selling, offering to sell, or importing of the trabectedin 1 mg/vial described in Defendants' ANDA No. 221774 would constitute infringement of the '557 Patent, or inducing or contributing to such conduct, by Defendants pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (g);

(d) a Judgment permanently enjoining Defendants and each of their officers, agents, servants and employees, and those persons in active concert or participation with them, from commercially manufacturing, selling or offering for sale, using, or importing the trabectedin 1 mg/vial described in Defendants' ANDA No. 221774, or any colorable variations thereof, until the day after the expiration of the '557 Patent, including any additional exclusivity period applicable to the '557 Patent, and from otherwise infringing one or more claims of the '557 Patent;

(e) a declaration that this case is exceptional;

(f) an award of Plaintiffs' costs, expenses, reasonable attorneys' fees, and such other relief as the Court deems just and proper pursuant to 35 U.S.C. § 271(e)(4) and 35 U.S.C. § 285; and

(g) such other and further relief as the Court may deem just and proper.

Dated: October 23, 2026

s/ William C. Baton
William C. Baton
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540
(973) 286-6700
wbaton@saul.com

*Attorneys for Plaintiffs Janssen Products, L.P. and Pharma Mar, S.A.*

Irena Royzman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W. 52nd St.
New York, NY 10019
Tel: (202) 506-3518
iroyzman@orrick.com

Alyssa Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Ste. 2700
Los Angeles, CA 90071
Tel: (213) 612-2372
acaridis@orrick.com

Neal Vinaixa
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley St., Suite 2000
Boston, MA 02116
Tel: (617) 880-1800
nvinaixa@orrick.com

Jonathan Liu
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard St.
San Francisco, CA 94105
Tel: (415) 773-5743
jonathanliu@orrick.com

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify, to the best of my knowledge, that this matter is related to *Janssen Products, L.P., et al. v. Medchemexpress LLC*, Civil Action No. 25-1867 (MCA)(JSA) (D.N.J.) and *Janssen Products, L.P., et al. v. eVenus Pharmaceuticals Laboratories Inc., et al.*, Civil Action No. 20-9369 (RMB)(RLS) (D.N.J.) because each of the foregoing cases involved the same Plaintiffs and the '557 Patent, and because Defendants are seeking FDA approval to sell a generic version of the same branded drug product.

I further certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: October 23, 2026

s/ William C. Baton

William C. Baton
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540
(973) 286-6700
wbaton@saul.com

*Attorneys for Plaintiffs Janssen Products, L.P. and Pharma Mar, S.A.*

Irena Royzman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W. 52nd St.
New York, NY 10019
Tel: (202) 506-3518
iroyzman@orrick.com

Alyssa Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Ste. 2700
Los Angeles, CA 90071
Tel: (213) 612-2372
acaridis@orrick.com

Neal Vinaixa
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley St., Suite 2000
Boston, MA 02116
Tel: (617) 880-1800
nvinaixa@orrick.com

Jonathan Liu
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard St.
San Francisco, CA 94105
Tel: (415) 773-5743
jonathanliu@orrick.com